
BHW: USAO 2019R00203


FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2019 JUL -8 P 4:11

CLERK'S OFFICE
AT GREENBELT

BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PWG-19-0214 |
| | * | |
| DOUGLAS AMILCAR-VASQUEZ and | * | (Conspiracy to Interfere with Interstate |
| EVER RAMIRO TORRES ENRIQUEZ, | * | Commerce by Robbery, 18 U.S.C. |
| | * | § 1951(a); Interference with Interstate |
| Defendants | * | Commerce by Robbery, 18 U.S.C. |
| | * | § 1951(a); Use, Carry, and Brandish a |
| | * | Firearm During and in Relation to a |
| | * | Crime of Violence, 18 U.S.C. § 924(c); |
| | * | Aiding and Abetting, 18 U.S.C. § 2; |
| | * | Forfeiture, 18 U.S.C. §§ 924(d) and |
| | * | 981(a)(1)(C), 21 U.S.C. § 853(p), |
| | * | 28 U.S.C. § 2461(c)) |
| | * | |

*******

## SUPERSEDING INDICTMENT

### COUNT ONE
(Conspiracy to Interfere with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Superseding Indictment:

1. Business 1, a jewelry store in Takoma Park, Maryland, conducted business in and affecting interstate commerce by, among other things, obtaining and selling jewelry that was manufactured outside of the State of Maryland and obtained from vendors outside of the State of Maryland.

## The Conspiracy

2. On or about February 16, 2019, in the District of Maryland and elsewhere, the defendants,

**DOUGLAS AMILCAR-VASQUEZ and
EVER RAMIRO TORRES ENRIQUEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, and other persons known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, by the unlawful taking of money and property—that is, business proceeds and jewelry—from the person and in the presence of employees of Business 1, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employees.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1. Paragraph 1 of Count One is incorporated here.

2. On or about February 16, 2019, in the District of Maryland, the defendants,

**DOUGLAS AMILCAR-VASQUEZ and
EVER RAMIRO TORRES ENRIQUEZ,**

did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendants did unlawfully take and obtain property—that is, business proceeds and jewelry—from the person and in the presence of employees of Business 1, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

3

## COUNT THREE
### (Use, Carry, and Brandish a Firearm During and in Relation to a Crime of Violence)

The Grand Jury for the District of Maryland further charges that:

On or about February 16, 2019, in the District of Maryland, the defendants,

**DOUGLAS AMILCAR-VASQUEZ and
EVER RAMIRO TORRES ENRIQUEZ,**

did knowingly use, carry, and brandish a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, interference with commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Count Two of this Superseding Indictment and incorporated here.

18 U.S.C. § 924(c)(1)(A)(i) and (ii)
18 U.S.C. § 2

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendants' convictions under Counts One, Two, and Three of this Superseding Indictment.

### Robbery Forfeiture

2. As a result of the offenses set forth in Counts One and Two of this Superseding Indictment, the defendants,

**DOUGLAS AMILCAR-VASQUEZ and
EVER RAMIRO TORRES ENRIQUEZ,**

shall forfeit to the United States all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

### Firearms Forfeiture

3. As a result of the offense set forth in Count Three of this Superseding Indictment, the defendants,

**DOUGLAS AMILCAR-VASQUEZ and
EVER RAMIRO TORRES ENRIQUEZ,**

shall forfeit to the United States the firearms involved in those offenses.

### Substitute Assets

4. If, as a result of any act or omission of the defendants, any such property subject to forfeiture:

  a. cannot be located upon exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or,

      e.      has been commingled with other property which cannot be divided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of substitute property.

18 U.S.C. § 924(d)
18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

Robert K. Hur
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

Foreperson

Date: 2/8/18